**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:**<br>**CARLOS BROMFIELD SMITH, JR**<br><br>**fdba Gate Automotive LLC; dba Vehicle Safety Control LLC**<br>**Debtor**<br><br>**IRON BRIDGE LANDING**<br>**Movant**<br>**vs.**<br><br>**CARLOS BROMFIELD SMITH, JR**<br><br>**fdba Gate Automotive LLC; dba Vehicle Safety Control LLC**<br>**Respondent** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CHAPTER 13**<br><br>**CASE NO. 1:22-bk-01885** |

**ANSWER TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

Debtor, Carlos Bromfield Smith, Jr. ("Debtor"), by and through his counsel, Mott & Gendron Law, hereby responds to the Motion for Relief from Automatic Stay filed by Iron Bridge Landing Homeowners Association ("Movant") as follows:

1. Admitted.
2. Admitted.
3. Admitted. Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on September 29, 2022.
4. Paragraph 4 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denied.
5. Admitted.
6. Admitted that Movant is a creditor of Debtor. By way of further response, Movant failed to file a proof of claim in this case. Accordingly, Debtor, through counsel, filed Proof of Claim No. 10 on Movant's behalf pursuant to Federal Rule of Bankruptcy Procedure 3004. The claim was filed as a secured claim in the amount of $5,851.57 based upon association fees owed as of the September 29, 2022 petition date.
7. Paragraph 7 quotes provisions of Pennsylvania law and therefore requires no response. To the extent a response is deemed necessary, Debtor denies any interpretation thereof that is inconsistent with the Bankruptcy Code, Debtor's confirmed Chapter 13 Plan, or the allowed claim of Movant.
8. Admitted that the Unit is Debtor's primary residence.
9. Denied. Debtor specifically denies that he owes Movant $3,511.55 in unpaid postpetition assessments, interest, and late fees. Debtor's confirmed Chapter 13 Plan provides for

Movant's allowed prepetition claim of $5,851.57 to be paid through the Chapter 13 Trustee. Movant did not object to the treatment of its claim under the Plan and did not object to confirmation of the Plan.

Further, Movant provided an accounting to Debtor's counsel prior to filing the Motion but did not attach that accounting to the Motion or otherwise file it with the Court. Thus, the Motion contains no accounting supporting the alleged $3,511.55 postpetition delinquency. Moreover, the accounting provided to Debtor's counsel does not reconcile the amount alleged in the Motion. The ledger identified by Movant as "Before Bankruptcy" continues to assess charges well beyond the September 29, 2022 petition date and includes assessments, interest, late fees, legal fees, and other charges while also reflecting payments received through Debtor's Chapter 13 case. A separate ledger identified as "After Bankruptcy" does not begin until October 1, 2024, approximately two years after the petition date, and reflects a balance of $3,233.80 as of July 2026 rather than the $3,511.55 alleged in the Motion. Accordingly, the accounting provided by Movant is insufficient to establish that the amount alleged in Paragraph 9 represents unpaid postpetition obligations rather than amounts attributable to the prepetition claim, charges associated therewith, or other amounts not properly characterized as a postpetition default.

10. Denied to the extent Movant contends that attorneys' fees or costs may automatically be added to Debtor's alleged postpetition arrearage or constitute grounds for relief from the automatic stay. Movant is put to its proof concerning the amount, reasonableness, authorization, and proper bankruptcy treatment of any attorneys' fees or costs claimed.

11. Denied to the extent the allegations are inconsistent with the treatment of Movant's claim under Debtor's confirmed Chapter 13 Plan or otherwise characterize amounts included in Movant's allowed prepetition claim as postpetition indebtedness.

12. Paragraph 12 contains conclusions of law to which no response is required. Debtor admits that 11 U.S.C. § 362(d)(1) permits relief from the automatic stay for cause under appropriate circumstances, but denies that such cause exists in this case. To the extent Movant seeks relief pursuant to 11 U.S.C. § 362(d)(2), as stated in the introductory paragraph of its Motion, Movant has alleged no facts concerning the value of the Unit, liens against the Unit, or Debtor's equity in the Unit sufficient to establish entitlement to relief under that subsection.

13. Denied. Movant has not established that Debtor failed to pay postpetition assessments or that Movant lacks adequate protection. Movant's allowed prepetition claim is being paid through the Chapter 13 Trustee pursuant to Debtor's confirmed Plan. The Motion contains no accounting or reconciliation demonstrating how Movant calculated the alleged postpetition delinquency. Moreover, the accounting separately provided to Debtor's counsel reflects payments received through the Chapter 13 case but fails to demonstrate how those payments were applied to the allowed prepetition claim. Instead, the accounting does not clearly segregate the prepetition indebtedness from postpetition assessments, interest, late fees, legal fees, and other charges. Until Movant properly accounts for the prepetition indebtedness, payments received from the Chapter 13 Trustee, postpetition assessments, and payments made directly by Debtor, Movant cannot establish that the balance alleged in the Motion constitutes a postpetition default sufficient to establish cause under § 362(d)(1).

14. Paragraph 14 contains conclusions of law to which no response is required. To the extent a response is deemed necessary, denied. Debtor further notes that Movant seeks a waiver of the notice requirements of Federal Rule of Bankruptcy Procedure 3002.1 notwithstanding

the present dispute concerning the amount and characterization of charges allegedly accruing against Debtor.

15. Denied. Movant has not established the amount presently due, nor has it established that the amounts it contends will accrue each month constitute valid postpetition obligations rather than interest, late charges, attorneys' fees, or other charges attributable in whole or in part to the prepetition indebtedness being administered through Debtor's confirmed Plan.

16. Denied. Given the discrepancies in Movant's accounting and the present dispute concerning the nature and amount of the alleged postpetition indebtedness, Debtor denies that notice of future charges is impractical or unnecessary.

17. Admitted that Movant provided correspondence to Debtor's counsel before filing the Motion. It is denied that the correspondence or accompanying accounting established the existence or amount of the alleged postpetition default.

18. Admitted that Debtor's counsel did not concur in the requested relief.

19. Denied. Movant has not established that the debts described in the Motion remain due and outstanding as postpetition obligations. Movant failed to file its own proof of claim, and Proof of Claim No. 10 was therefore filed on its behalf in the amount of $5,851.57. That prepetition claim is provided for under Debtor's confirmed Chapter 13 Plan. Movant did not object to the claim or to confirmation of the Plan and is bound by the terms of the confirmed Plan pursuant to 11 U.S.C. § 1327(a).

    Movant has not filed an accounting supporting the alleged postpetition delinquency. The accounting separately provided to Debtor’s counsel does not adequately distinguish between the prepetition indebtedness being paid through the Plan and postpetition obligations. Movant should therefore be required to provide a complete reconciliation identifying the prepetition balance, all payments received from the Chapter 13 Trustee and their application, each postpetition assessment, each direct payment received from Debtor and its application, and each interest charge, late fee, attorneys’ fee, or cost assessed after the petition date before relief from the automatic stay is considered.

WHEREFORE, the Debtor respectfully requests that this Court deny the Motion for Relief from Automatic Stay or, alternatively, require Movant to provide a complete reconciliation of its account before any relief from the automatic stay is considered, and grant such other relief as this Court deems just.

Respectfully submitted,

/s/ Kara K. Gendron

Kara K. Gendron, Esquire
Attorney ID #87577
MOTT & GENDRON LAW
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
kara.gendron@mottgendronlaw.com